**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CABRERA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP d/b/a KAISER,<br><br>　　　　Defendant. | Case No. 23-5236 FMO (JPRx)<br><br>**ORDER REMANDING ACTION** |

　　　　On May 11, 2023, Maria Cabrera ("plaintiff") filed a complaint in the Los Angeles County Superior Court against the Southern California Permanente Medical Group ("SCPMG" or "defendant"). (See Dkt. 1, Defendant Southern California Permanente Medical Group's Notice of Removal ("NOR") at ¶ 6); (Dkt. 1-1, Declaration of Everett J. McLean, II [], Exhibit ("Exh.") A ("Complaint")).  The Complaint alleges the following claims against SCPMG:  (1) failure to pay all wages due, including overtime, Cal. Lab. Code §§ 510, 1194 & 1194.2; (2) failure to provide accurate wage statements, Cal. Lab. Code § 226; (3) waiting time penalties, Cal. Lab. Code § 203; (4) violation of the California Private Attorneys General Act, Cal. Lab. Code §§ 2698 et seq.; (5) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; and (6) failure to provide employment records upon demand, Cal. Lab. Code § 1198.5.  (See Dkt. 1-1, Complaint at ¶¶ 6-51).

On June 30, 2023, SCPMG removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (See Dkt. 1, NOR at ¶ 13). Having reviewed and considered the pleadings and all the materials submitted by SCPMG, the court hereby remands the action to state court for lack of subject matter jurisdiction.[1] See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). As such, any doubts are resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal citations omitted). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

The existence of a federal defense is not enough to justify removal to federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis

---

[1] Although the case was removed on June 20, 2023, the court only recently reviewed the NOR to assess whether jurisdiction in this court was proper, as the case was recently transferred to the undersigned. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists[.]"); Ugliano v. St. Jude Med., Inc., 2019 WL 13280221, *1 (C.D. Cal. 2019) ("A federal court has an independent duty to ensure subject matter jurisdiction exists in cases before it.").

in original). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429). However, "[t]he jurisdictional doctrine of complete preemption serves as an exception to the well-pleaded complaint rule." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003). The complete preemption doctrine "provides that, in some instances, the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law." Id. at 861-62 (internal quotation marks omitted). The "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive[.]" Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003). "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430. Complete preemption "arises only in 'extraordinary' situations." Ansley, 340 F.3d at 862.

Defendant alleges that "[t]his court has original jurisdiction of this action under 28 U.S.C. § 1331, and Defendant may remove the lawsuit pursuant to the provisions of 28 U.S.C. § 1441, because the relief sought is preempted by Section 301 of the LMRA, 29 U.S.C. § 185." (Dkt. 1, NOR at ¶ 13). Specifically, defendant contends that plaintiff's claims are preempted because she claims that "Defendant violated the [collective bargaining agreements ("CBAs")] by failing to pay her additional hourly pay she was allegedly owed under the terms of those CBAs[,]"[2] and, "to the

---

[2] According to defendant, the relevant CBAs are the National Union of Healthcare Workers Collective Bargaining Agreement, effective October 1, 2018, to September 30, 2021, which "governed the terms and conditions of Plaintiff's employment during the relevant time period prior to October 1, 2021," and the National Union of Healthcare Workers Collective Bargaining Agreement, effective October 1, 2021, to September 30, 2024, which governed "the terms and conditions of Plaintiff's employment thereafter, and is the collective bargaining agreement presently in effect." (See Dkt. 1, NOR at ¶ 2); (see also Dkt. 1-2, Declaration of Jeremy Lyon, Exh.

extent that Plaintiff's unpaid wages claim is not based on her allegation that she was entitled to differential pay under the CBAs, this Court has jurisdiction over this case because Plaintiff's employment was and is governed by CBAs that qualify for exemption from the State's overtime requirements." (Id. at ¶ 14). Under the circumstances, the court is unpersuaded that defendant has established a basis for federal question jurisdiction.

Section 301 of the LMRA provides that

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a 'mandate . . . to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'" Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209, 105 S.Ct. 1904, 1910 (1985)) (alteration in original). "As a result of this broad federal mandate, . . . the preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." Id. (internal quotation marks omitted). Yet, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016) (internal quotation marks omitted).

To determine if a plaintiff's state law claim is preempted by § 301, the court engages in a two-step inquiry. See Kobold, 832 F.3d at 1032. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not

---

A ("Kaiser Psych-Social Chapter CBA 2018-2021")); (id. at Exh. B ("Kaiser Psych-Social Chapter CBA 2021-2024")).

4

by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there." Id. (alteration marks omitted). To make this determination, the court "must focus its inquiry on the legal character of a claim[.]" Id. at 1033 (internal quotation marks omitted) (emphasis in original). "A claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement, will not be preempted, even if a grievance arising from precisely the same set of facts could be pursued." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (internal quotation marks omitted).

"If the court determines that the right underlying the plaintiff's state law claim(s) exists independently of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." Kobold, 832 F.3d at 1032 (internal quotation marks omitted). This analysis "turns on whether the claim can be resolved by 'looking to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Id. at 1033 (internal quotation and alteration marks omitted). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001). "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." Id. at 691-92.

I.  PLAINTIFF'S CLAIMS INVOLVE RIGHTS CONFERRED BY CALIFORNIA LAW.

First, the court must assess whether plaintiff's claims "involve[ ] a right conferred upon [her] by virtue of state law, not by a CBA[,]" and if "the right exists solely as a result of the CBA, then the claim is preempted[.]" Kobold, 832 F.3d at 1032 (internal quotation marks omitted). Plaintiff's claims, as alleged in her Complaint, are all based on state law. (See Dkt. 1-1, Complaint at ¶¶ 6-51). None of her claims – including her unpaid wages claim, (id. at ¶¶ 6-12) (raising violations of Cal. Lab. Code §§ 510, 1194 & 1194.2) – seek relief with respect to a right conferred by the

applicable CBAs.³  See Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir. 2002) ("[T]he plaintiff's claim is the touchstone for the preemption analysis[.]") (emphasis added).  Where a plaintiff's claims are "plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."  Kobold, 832 F.3d at 1033 (internal quotation marks omitted).  Here, there is no preemption because defendant is relying on a defensive use of the CBA.  See id.; Burnside, 491 F.3d at 1060 ("[R]eliance on the CBA as an aspect of a defense is not enough to inject[] a federal question into an action that asserts what is plainly a state-law claim.") (internal quotation marks omitted); Humble, 305 F.3d at 1008 ("[D]efensive reliance on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim.").

Defendant also alleges that, "to the extent Plaintiff's unpaid wages claim is not based on her allegation that she was entitled to additional pay under the CBAs[,]" LMRA § 301 preemption nevertheless applies because "her employment was and is governed by CBAs that qualify for exemption from the State's overtime requirements."  (Dkt. 1, NOR at ¶ 22).  Under the Labor Code, employment relationships are exempt from California's overtime requirements where an employee is working pursuant to a CBA that meets the requirements of Cal. Lab. Code § 514.  See Cal. Lab. Code §§ 510(a)(2) & 514.  But even assuming defendant is not relying on a

---

³ Defendant's argument that plaintiff's claims are preempted under § 301 of the LMRA assumes that plaintiff's claims and her requested relief are based on the differential provisions in the CBA. (See, e.g., Dkt. 1, NOR at ¶¶ 14, 17-21 & 22-27); (see also Dkt. 1-2, Kaiser Psych-Social Chapter CBA 2018-2021 at ECF 108-09); (id., Kaiser Psych-Social Chapter CBA 2021-2024 at ECF 208).  However, plaintiff makes no explicit reference to the CBAs in her Complaint. (See, generally, Dkt. 1-1, Complaint).  While she does allege that she was not paid "an estimated additional $2.00 per hour" and/or "an additional $4.00 per hour" "[u]nder the terms of [her] employment agreement," (see id. at ¶¶ 2-4); (see also Dkt. 1 NOR at ¶ 17), the relevant cause of action is based on failure to pay all wages due, including overtime, pursuant to the "applicable IWC Order, as well as Cal. Lab. Code §§ 510 & 1194," which require "employers to pay their non-exempt employees overtime pay for work in excess of eight hours in one workday or any work in excess of 40 hours in any one workweek, and double-time pay for work in excess of 12 hours in one workday." (See Dkt. 1-1, Complaint at ¶¶ 9-10); see also Kobold, 832 F.3d at 1033 (stating that in determining whether a plaintiff's claim is rooted in state law or arises from a right solely conferred by a CBA, the court "must focus its inquiry on the legal character of a claim[.]") (internal quotation marks omitted).

defensive use of the CBA, the fact that the employer may meet an overtime exemption under Cal. Lab. Code § 514 is insufficient to confer LMRA § 301 preemption. See, e.g., Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F.Supp.3d 932, 954 (C.D. Cal. 2014) ("First, the fact that the § 514 exemption may apply does not alter the substance of [plaintiff's] claim. If it is ultimately determined that § 514 applies, this will simply mean that [plaintiff] has alleged a claim under a statute she cannot invoke, and under which she is unable to recover. . . . Indeed, [plaintiff] specifically and repeatedly pleads violations of state law, not a violation of the CBAs or right they provide. Second, because, as noted, [defendant's] reliance on § 514 is essentially a defense to [plaintiff's] overtime claim, it does not give rise to § 301 preemption."); Young v. Securitas Sec. Servs. USA, Inc., 2018 WL 1142190, *7 (N.D. Cal. 2018) ("Because the statutory exceptions on which [defendant] relies are affirmative defenses, they do not give rise to section 301 preemption, even if adjudication of those defenses would require reference to the CBA. If [plaintiff's] Labor Code claims in fact cannot proceed based on those exceptions, that would be a basis for their dismissal by a court of competent jurisdiction, not a basis to transform them into different claims that [plaintiff] has not invoked for breach of the CBA.") (citation and footnote omitted).

In any event, defendant has failed to show that plaintiff's employment meets the requirements for the overtime exemption. Under Cal. Lab. Code § 514, an employer is exempt from California's overtime requirements where a CBA "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Here, defendant provides nothing more than conclusory statements that the requirements of § 514 have been met. (See, generally, Dkt. 1 NOR at ¶¶ 23-24). For example, defendant asserts that "the CBAs pay more than 30% above minimum wage[,]" (id. at ¶ 24), but does not provide any information regarding pay rates. (See, e.g., Dkt. 1-2, Declaration of Jeremy Lyon [] at ¶ 7); (Dkt. 1-2, Kaiser Psyc-Social Chapter CBA 2018-2021 at ECF 105 & 168-71) (providing redacted pay scales); (id., Kaiser Psyc-Social Chapter CBA 2021-2024 at ECF at 271-78) (same). Without more, the court cannot conclude that any of the applicable CBAs qualify for the State exemption, thereby giving

rise to complete preemption. Cf. Maranon v. Blazin Wings, Inc., 2018 WL 11444971, *2 (D. Nev. 2018) ("The removing defendant must support his claim for federal jurisdiction with specific facts; conclusory or speculative arguments are insufficient."); Casey v. Lewis, 4 F.3d 1516, 1527 (9th Cir. 1993) (Pregerson, J., concurring in part) (noting that "conclusory [declarations] that do not affirmatively show personal knowledge of specific facts are insufficient").

II. PLAINTIFF'S CLAIMS DO NOT REQUIRE INTERPRETATION OF ANY CBA.

Irrespective of whether the rights underlying plaintiff's claims exist independently of the CBAs, plaintiff's claims may be preempted under § 301 of the LMRA if the rights underlying her claims are "nevertheless substantially dependent on analysis of a collective-bargaining agreement." Kobold, 832 F.3d at 1032 (internal quotation marks omitted). According to defendant, preemption is warranted because "Plaintiff claims Defendant breached the CBAs by failing to pay Plaintiff and other aggrieved employees the additional hourly pay despite working in the evenings and after midnight[,]" and "[d]etermining whether the CBAs in fact reflect this purported requirement will necessitate an evaluation and interpretation of the terms of the CBAs." (Dkt. 1, NOR at ¶ 21).

But defendant fails to present any provisions that are disputed by the parties necessitating interpretation by the court, or any that are complex enough to require interpretation as opposed to simple application. (See Dkt. 1, NOR at ¶¶ 17-21). What's more, while defendant alleges that "evaluation and interpretation" will be needed to determine whether "the CBAs required 'employees who work in the evenings [to be] paid an estimated additional $2.00 per hour and employees who work after midnight [to be] paid an estimated additional $4.00 per hour[,]'" (id. at ¶ 21) (alteration marks in the original), the fact remains that plaintiff brings her claims under the relevant sections of the California Labor Code.[4] See supra at § I. In short, where, as here, "the

---

[4] In any event, the provisions in the CBAs regarding shift differentials are clear and require nothing more than simple application – if an employee covered by the CBAs works between 6:00 p.m. and midnight, they receive an additional $2.75 per hour, and if an employee works between midnight and 6:00 a.m., they receive an additional $4.50 per shift. (See Dkt. 1-2, Kaiser Psyc-Social Chapter CBA 2018-2021 at ECF 108-09); (id., Kaiser Psyc-Social Chapter CBA 2021-2024 at ECF 208). In other words, simply because plaintiff's claims may implicate wage and hour provisions in the CBAs does not establish that the court would need to interpret any provisions of

parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption." Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 998 (9th Cir. 2007); see Livadas v. Bradshaw, 512 U.S. 107, 125, 114 S.Ct. 2068, 2079 (1994) (holding that "the mere need to 'look to' the collective-bargaining agreement . . . is no reason to hold the state-law claim defeated by § 301"); Burnside, 491 F.3d at 1060 ("[W]e know that neither look[ing] to the CBA merely to discern that none of its terms is reasonably in dispute, nor the simple need to refer to [its terms], is enough to warrant preemption.") (internal quotation marks and citations omitted); see, e.g., Acosta v. AJW Const., 2007 WL 4249852, *4 (N.D. Cal. 2007) (finding action "not preempted by ERISA" where "claims for unpaid wages accrued during paid time off . . . require little more than cursory consultation with the collective bargaining agreement").

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are denied as moot, and may be refiled in the state court in accordance with the applicable state rules.

Dated this 11th day of October, 2023.

/s/
Fernando M. Olguin
United States District Judge

---

the CBAs. See Ward, 473 F.3d at 998; Livadas, 512 U.S. at 125, 114 S.Ct. at 2079; Burnside, 491 F.3d at 1060. Thus, defendant has failed to show that any "evaluation or interpretation" of the CBAs is needed.